UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TWIN HARBORS WATERKEEPER,<br>Plaintiff,<br>v.<br>CRESLINE-NORTHWEST, LLC,<br>Defendant. | Case No. 3:25-cv-05361-TMC<br><br>ORDER GRANTING MOTION FOR ENTRY OF CONSENT DECREE |

## I. ORDER

Before the Court is the parties' joint motion for entry of consent decree. Dkt. 25. Both parties to the lawsuit join the request.

Twin Harbors Waterkeeper brought this citizen suit under Section 505 of the Clean Water Act, 33 U.S.C. § 1365, alleging that Cresline-Northwest violated the pretreatment standards under Section 307 of the Clean Water Act, 33 U.S.C. § 1317, and the terms of conditions of Cresline's National Pollutant Discharge Elimination System ("NPDES") permit. Dkt. 1 ¶ 1. Twin Harbors Waterkeeper alleges that Cresline's discharges of pollutants in violation of the Clean Water Act have contributed to contamination of Dillenbaugh Creek and the Chehalis River. *See id.* ¶¶ 24–25. Twin Harbors Waterkeeper brought two causes of action for violations of the Clean Water Act. *Id.* ¶¶ 45–56.

To resolve the litigation, Cresline has agreed to entry of the consent decree, under which it will, among other requirements, conduct wastewater monitoring, provide monitoring information to Twin Harbors Waterkeeper, implement a corrective action plan if necessary, and make improvements to its stormwater system. *See* Dkt. 25-1 at 4–13. Cresline-Northwest also agrees to pay $595,000 to the Grays Harbor Audubon Society, the Wild Fish Conservancy, the Confederated Tribes of the Chehalis Reservation, and the Quinault Indian Nation for projects to benefit water quality in the Chehalis River and Dillenbaugh Creek watersheds. *See id.* at 13–14.

"A district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). A consent decree must "spring from and serve to resolve a dispute within the court's subject-matter jurisdiction," come "within the general scope of the case made by the pleadings," and "must further the objectives of the law upon which the complaint was based." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland*, 478 U.S. 501, 525 (1986). The Court also considers whether the proposed consent decree is in the public interest. *See United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990).

The Court finds that the proposed consent decree meets these requirements. The consent decree resolves the dispute that prompted this litigation (over which this Court has federal-question jurisdiction) and it furthers the objectives of the Clean Water Act by seeking to ensure that Cresline-Northwest complies with federal law. This objective also serves the public interest.

The Court therefore GRANTS the joint motion (Dkt. 25) to enter the proposed consent decree (Dkt. 25-1). The consent decree will be entered concurrently with this Order and will serve as a final judgment under Federal Rules of Civil Procedure 54 and 58.

Dated this 9th day of October, 2026.

Tiffany M. Cartwright
United States District Judge